United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 02, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-20204 |
| FLOYD T ZAHN, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| AMANDA GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-2009 |
| | § | |
| FLOYD T ZAHN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

This adversary proceeding is about whether a claim is excepted from discharge under § 523(a)(6) of the Bankruptcy Code. Zahn damaged and blocked access to a roadway over which Gray held an easement. The easement gave Gray access to her property in rural San Patricio County, Texas. Gray sued Zahn in state court. She was awarded both a permanent injunction and $65,000.00 in attorneys' fees. Following Zahn's bankruptcy petition, Gray brought this adversary proceeding, asserting that the $65,000.00 award is excepted from discharge under § 523(a)(6). Zahn moves for summary judgment, arguing that there is no genuine issue of material fact precluding a finding that § 523(a)(6) does not apply. Summary judgment is denied.

**BACKGROUND**

Gray owns a large tract of land in San Patricio County, Texas. ECF No. 1 at 2. The property has been in Gray's family for about sixty

years.  ECF No. 1 at 2.  The property is accessed by a paved road.  ECF No. 1 at 2.  The road has been used by the Grays and their tenants for over fifty years.  ECF No. 1 at 2.  Gray claims the road is the only means of access to the property "when it is wet, when there is bad weather, or when crops have been planted."  ECF No. 1 at 2.  Zahn denies that the road is the only means of access to the property under these conditions.  ECF No. 13 at 2.

The road passes between two tracts of land that border Gray's property to the north.  ECF No. 1 at 2.  The northeast tract is owned by Zahn.  ECF No. 1 at 2.  The road existed when Zahn purchased his property in 1968.  ECF No. 1 at 2.  Zahn denies that the road passes between the properties, instead contending that it passes through the properties.  ECF No. 13 at 2.

In October 2019, Zahn began performing construction on the paved road.  ECF No. 1 at 3.  He drove metal stakes into the center of the road and attached a line between the stakes.  ECF No. 1 at 3.  He painted the stakes and portions of the road as part of the construction activities.  ECF No. 1 at 3.  He later moved additional equipment onto the road and started drilling holes in the pavement.  ECF No. 1 at 3.  This work caused damage to the road.  ECF No. 1 at 3.  Zahn was preparing to have a fence built in the center of the road but contends that he was building the fence on his portion of the property.  ECF No. 1 at 3; ECF No. 13 at 3.  Zahn did not contact Gray before commencing the construction.  ECF No. 1 at 3.

Gray sued Zahn in Texas state court.  ECF No. 1 at 3.  The state court granted her a temporary injunction to maintain the status quo while the litigation was pending.  ECF No. 1 at 3.  The court entered judgment on April 26, 2023.  ECF No. 1 at 3.  The court found that Gray had an easement by estoppel for use of the road and granted a permanent injunction.  ECF No. 1 at 3.  The order also awarded Gray $65,000.00 in attorney's fees.  ECF No. 1 at 3.

On November 16, 2023, Gray filed this adversary proceeding. ECF No. 1. Gray asserts a cause of action for violation of 11 U.S.C. § 523(a)(6). ECF No. 1 at 4. Gray argues that she has a property interest in the road, which was "intentionally, willfully, and maliciously damaged" by Zahn through the actions described above. ECF No. 1 at 4. On this basis, Gray claims that the $65,000.00 judgment against Zahn should be excepted from discharge. ECF No. 1 at 4. Gray also moved for attorneys' fees. ECF No. 1 at 4–5. The claim for attorneys' fees was dismissed at a hearing on Zahn's motion to dismiss held on January 26, 2024.

On March 1, 2024, Zahn moved for summary judgment on the § 523(a)(6) claim. ECF No. 14. Zahn argues that he did not intend to injure Gray or her tenant, thereby rendering § 523(a)(6) inapplicable. ECF No. 14 at 3. Zahn also claims that he did not actually cause Gray any injury. ECF No. 14 at 3.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank of Ga.,* 429 F.3d

556, 562 (5th Cir. 2005)). A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. Of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

A genuine issue of material fact exists as to whether Zahn acted with willful and malicious intent when causing injury to Gray's purported property interest in the road. 11 U.S.C. § 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." The Supreme Court in *Kawaauhau v. Geiger* defined a willful and malicious injury as a "deliberate or intentional injury." 523 U.S. 57, 61 (1998). The Court held that there must be an intent to cause the injury, not merely the act

that leads to the injury. *Id.* at 61–62. An injury is willful and malicious "where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 629 (5th Cir. 2012) (quoting *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998)). "The objective standard is met when a court finds that a debtor intentionally took action(s) that necessarily caused, or were substantially certain to cause the injury." *Chowdary v. Ozcelebi (In re Ozcelebi)*, 640 B.R. 884, 905 (Bankr. S.D. Tex. 2022) (citing *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006)). "[A] court must analyze from a reasonable person's perspective 'whether the defendant's actions were substantially certain to cause harm, [and] are such that the court ought to infer the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff.'" *Id.* (quoting *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361–62 (5th Cir. 2007)). The subjective standard is met when the "the debtor intended the actual injury that resulted." *Id.* (citing *Davenport*, 353 B.R. at 202).

Zahn claims he did not possess an intent to injure Gray or her tenant when he commenced the construction on the road. ECF No. 14 at 1, 3. Zahn also claims that he did not cause Gray any actual injury. ECF No. 14 at 2–3. In support of his lack of intent argument, Zahn contends that he started to build a fence on the road "to protect himself and his spouse, and to protect his access to his entry gate from the Road to his homestead, from Gray's tenant who was racing up and down the Road at all hours of the day and night at high rates of speed in an unsafe manner." ECF No. 14 at 1–2. Zahn supports his lack of injury argument by the assertion that, during the four-year period between the temporary injunction and final judgment, "Gray and her tenant continued to use the Road to access their property without interruption." ECF No. 14 at 2. As evidence of his claims, Zahn offers his sworn declaration, which makes the same propositions. ECF No. 14-1 at 1. Zahn also argues that, because the state court denied relief regarding the removal of Zahn's additions to the road when granting a temporary injunction at the start of the case, his actions were recognized as legally

permissible and not injurious to Gray's property interests.  ECF No. 14 at 2.  The Court declines to interpret the state court's maintenance of the status quo as a finding that Zahn's actions were legally permissible, especially following the court's judgment ruling the contrary.  *See* ECF No. 14-2 at 2 ("I'm going to deny any relief regarding removal of the impediments that are currently there or reconditioning of that road. Basically, status quo, as I see it in the pictures, until we get this case further down the road.").

Zahn may not relitigate Gray's injury.  The parties stipulate to the existence of a judgment by the state court awarding Gray a permanent injunction and $65,000.00 in attorney's fees for injuries she suffered as a result of Zahn's conduct.  Zahn argues that the judgment is not final because he filed a motion for a new trial that remains pending.  This argument is unavailing.  *See Int. of M.T.R.*, 579 S.W.3d 548, 563 (Tex. App. 2019) ("A pending motion for new trial does not render a final judgment not final.").  The Court is bound by the state court's ruling and need only decide whether Zahn willfully and maliciously caused Gray's injury.  *See Connecticut Bank of Com. v. Republic of Congo*, 309 F.3d 240, 248 (5th Cir. 2002), *as amended on denial of reh'g* (Aug. 29, 2002) (citing 28 U.S.C. § 1738).

Gray's evidence establishes a factual issue regarding Zahn's intent under both the objective and subjective prongs of the willful and malicious standard.  At his deposition, Zahn stated that he had knowledge of Gray's right to use the road when placing a "no trespassing" sign on the road.  ECF No. 15-1 at 7.  He also stated that, when he placed the fence posts on the road, he understood that he would be stopping people from using the road.  ECF No. 15-1 at 5–6.  Zahn's testimony suggests he intentionally sought to block Gray from using the road while knowing she had a right to its use.  With respect to the objective prong, the testimony raises a genuine issue as to whether Zahn's actions were substantially certain to harm Gray's property interest in the road.  With respect to the subjective prong, the evidence

raises a genuine issue as to whether Zahn intended to harm Gray's interest in the road.

There is a genuine issue of material fact as to whether Zahn acted with willful and malicious intent when causing injury to Gray's purported property interest in the road.

## CONCLUSION

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED 04/02/2024

*[signature]*

Marvin Isgur
United States Bankruptcy Judge